IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE ADONIS BAKER                                                                              PLAINTIFF

v.                                    Civil No. 4:19-cv-04022

OBIE SIMS, Sheriff Lafayette County; and
THEORDIS EARLEY, Warden Lafayette
County Sheriff's Dept.                                                                        DEFENDANTS

# ORDER

Plaintiff Willie Adonis Baker, representing himself, filed this 42 U.S.C. § 1983 action in the Eastern District of Arkansas on February 22, 2019. (ECF No. 2). On February 25, 2019, the case was transferred to the Western District or Arkansas, Texarkana Division. (ECF No. 4). Before the Court is Plaintiff's failure to obey a Court order.

Plaintiff submitted an *in forma pauperis* ("IFP") application with his Complaint. (ECF No. 1). However, Plaintiff failed to have the certification regarding inmate funds held in his name completed by the appropriate detention center official. In addition, a review of Plaintiff's Complaint revealed that he had failed to specify what action or inaction by each named defendant allegedly violated his constitutional rights. As a result, on February 26, 2019, the Court entered an order directing Plaintiff to either submit the completed certificate portion of the IFP application and return it to the Court for review and filing or pay the $350 filing fee and $50 administrative fee by March 19, 2019. The Court also ordered Plaintiff to file an Amended Complaint by the same date. (ECF No. 6). The Court advised Plaintiff that failure to submit the completed IFP application and Amended Complaint by the Court's imposed deadline would subject this case to dismissal. (ECF No. 6). To date, the order has not been returned to the Court as undeliverable.

1

Plaintiff has not submitted the completed IFP application, paid the filing fee, or filed an Amended Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 8th day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge